**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EZEADIGO ODUCHE, | |
|     Petitioner, | NO. 3:08-CV-2010 |
|     v. | (JUDGE CAPUTO) |
| JENINE M. DONALE, et al., | |
|     Respondents. | |

**MEMORANDUM ORDER**

    Petitioner Ezeadigo Oduche filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 on November 6, 2008, naming as Respondents several officials of Lackawanna County Prison, including Warden Jenine M. Donale. Though housed in a county facility, he alleges he is detained by the U.S. Department of Homeland Security. In his Petition, he alleges several civil rights violations by prison officials as well as a claim of torture by denial of access to medication, in violation of the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). With his Petition, Petitioner filed a motion to proceed *in forma pauperis*. (Doc. 4)

    The decision whether to grant or deny *in forma pauperis* (IFP) status rests within the sound discretion of the district court. *See Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985) (applying abuse of discretion standard to appeal). 28 U.S.C. § 1915 provides a two-step process for reviewing IFP petitions. The Third Circuit Court of Appeals has made it clear that this Court should consider a litigant's financial status and determine whether he is eligible to proceed IFP, then assess the complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief

from a defendant immune from suit. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990) (court assesses complaint for frivolousness under § 1915(d)); Prison Litigation Reform Act, Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74 (1996) (replacing 1915(d) with 1915(e), adding bases of review).

The Court need not consider Petitioner's financial status because his Petition fails the second step of IFP review. First, this Court has no jurisdiction to hear a claim brought under the CAT. Second, his remaining allegations do not state cognizable habeas claims.

This court is precluded from reviewing Petitioner's claim of torture by prison officials under the CAT by the jurisdiction-stripping provisions of the REAL ID Act of 2005, which reads in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code ... or any other habeas corpus provision ... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the [CAT].

8 U.S.C. § 1252(a)(4).

Apart from his claim of torture, Petitioner makes several allegations of civil rights violations that are not cognizable in a habeas petition. The essential purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge the legality of that custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Cognizable claims under habeas review include challenges to the validity, fact, or length of detention. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (such claims constitute the "core of habeas"). Under § 2241, a petitioner may also challenge the "execution" of his detention,

meaning how it is "put into effect" or "carried out," including, for example, *where* he is in custody. *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243- 44 (3d Cir. 2005) (allowing habeas challenge under § 2241 to prison's refusal to transfer inmate to halfway house). Petitioner, in contrast, describes the nature of his action as concerning the "violation of institutional civil rights, verbal abuse, and neglect and severe pain or suffering, mental, physical which was intentionally inflicted on me." (Mot. for Leave to Proceed IFP at 1, Doc. 4.) He does not bring claims that impact on the fact, length, or execution of his detention. His claims are more appropriately brought as a civil rights action, not a habeas petition. Because Petitioner fails to state cognizable claims for habeas relief, his IFP application must be denied. *See* 28 U.C.S. §1915(e)(2) ("the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted"). He may file a separate civil complaint and IFP application if he wishes to pursue his civil rights claims in an appropriate action.

**NOW**, this   22nd   day of December, 2008, **IT IS HEREBY ORDERED** that:

(1)     Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 4) is **DENIED**.

(2)     The case is **DISMISSED** without prejudice.

(3)     The Clerk of the Court shall mark this matter **CLOSED**.

    /s/ A. Richard Caputo  
    A. Richard Caputo  
    United States District Judge