**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EZEADIGO ODUCHE, | |
| Petitioner, | NO. 3:08-cv-2010 |
| v. | |
| JENINE M. DONALE, et al., | (JUDGE CAPUTO) |
| Respondents. | |

**MEMORANDUM ORDER**

Presently before the Court is Petitioner Ezeadigo Oduche's Affidavit in Support of Request to Proceed *in forma pauperis* filed with his Notice of Appeal. (Doc. 10.) The Court will review the Petitioner's *in forma pauperis* status on appeal in accordance with Rule 24(a)(1) of the Federal Rules of Appellate Procedure. Federal Rule of Appellate Procedure 24(a)(1) requires a party who wishes to proceed *in forma pauperis* to file a motion in the district court, with an affidavit that "(A) shows in detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." FED. R. APP. P. 24(a)(1).

The first requirement is that the Petitioner show in detail the party's inability to pay or give security for fees and costs. FED. R. APP. P. 24(a)(1)(A). Poverty sufficient to qualify for *in forma pauperis* (IFP) status does not require penniless destitution. *Ward v. Werner*, 61 F.R.D. 639, 640 (M.D. Pa. 1974) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)). However, leave to proceed *in forma pauperis* is discretionary with the court, and "there exists no fixed net worth which disqualifies a party as a pauper." *Id*.

(citations omitted).  "Yet, the mere assertion of poverty does not serve as a substitute for indigency."  *Id*.

In his Affidavit, Petitioner describes his financial situation as follows.  He has no income source and is not employed at Lackawanna County Prison, where he is in custody. (Doc. 10 ¶¶ 1, 2.)  He has no money in bank accounts, no assets, and no cash.  (*Id*. ¶¶ 4, 5.)  He reports having no spouse with income, cash, bank accounts, or assets.  (*Id*. ¶¶ 3, 4, 5.)  He reports no dependants, debts, or monthly expenses.  (*Id*. ¶¶ 7, 8.)  He has not paid an attorney or anyone else for services in connection with this case.  (*Id*. ¶¶ 10, 11.)  Finally, he does not expect any major changes to his monthly income or expenses, or to his assets or liabilities, during the next twelve (12) months.  (*Id*. ¶ 9.)  Assuming this to be a complete and accurate depiction of Petitioner's financial situation, he has demonstrated an inability to pay the filing fee sufficient to grant IFP status.

Petitioner has also filed a statement of the basis for his appeal.  (Doc. 9.)  In the statement, Petitioner identifies the issues presented on appeal, namely: (1) whether this Court erred in finding that it does not have jurisdiction to hear his claim under the Convention Against Torture, and (2) whether this Court erred in finding that his remaining allegations do not state cognizable claims for habeas relief.  Accordingly, he requests the Court of Appeals reverse the Court's decision to dismiss his suit. Based on his statement, Petitioner satisfies the Rule 24(a)(1) requirements that he claim entitlement to redress and state the issues he intends to present on appeal.  As his application conforms with all requirements of the Rule, the Court grants his motion to proceed IFP on appeal.

**NOW**, this \_\_\_\_ day of February, 2009, **IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* on appeal (Doc. 10) is **GRANTED**.

                                                  A. Richard Caputo
                                                  United States District Judge